**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF COLORADO**

| | |
|---|---|
| In re: ) | |
| ) | Case No. 11-35210-HRT |
| JEFFREY JOHN WEISS ) | |
| ) | Chapter 7 |
| ) | |
| Respondent. ) | |
| ) | |
| ) | |
| DR. JOHN AVENS, MARK BARRAND, ) | |
| DR. CAROLJEAN BONGO, JOHN BRODBECK, ) | |
| DEBRA COOPER, RICHRD DEIS, JR., ) | |
| DIANE GADZIALA, ROBERT AND ) | |
| KATHY HARTMAN, GERARD HERNANDEZ, ) | |
| DONNA LABOY, DENNIS AND PATRICIA ) | |
| MOUSER, MICHAEL OCCHIATO, JOSHUA ) | |
| AND ELIZABETH ROSEN, JOSHUA AND ) | |
| MEAGAN STANEK ) | |
| ) | |
| Plaintiffs ) | |
| ) | |
| v. ) | |
| ) | |
| JEFFREY JOHN WEISS, Debtor ) | |
| ) | |
| Respondent. ) | |

**COMPLAINT IN AN ADVERSARY PROCEEDING TO DETERMINE DICHARGEABILITY OF DEBT PURSUANT TO BANKJRUPTCY RULE 7001 (6)**

The above-captioned Plaintiffs (the "Plaintiffs"), by their counsel, Guardi & Associates, for their Complaint against Jeffrey John Weiss ("Weiss"), allege as follows:

**Parties, Jurisdiction and Venue**

1. Respondent is an individual residing at 839 diamond Ridge Circle, Castle Rock, Colorado 80108 and a Debtor in the captioned chapter 7 case.

2. The Plaintiffs are holders of claims against Respondent in the approximate amount of $4,400,000.

1

3. This Court has jurisdiction to hear and determine this core proceeding under 28 U.S.C. § 1334, 28 U.S.C. § 157, 11 U.S.C. § 523(A)(2), (4), (7), and (19) and General Procedure Order 1984-01, promulgated by the United States District Court for the District of Colorado.

4. Venue is proper before this Court under 28 U.S.C. § 1408 and 1409 because Respondent is domiciled in Colorado and because this case arises under title 11, United States Code.

## General Allegations

5. On March 5, 2010, the Plaintiffs commenced an action setting forth three claims for relief against the Respondent entitled *Dr. John Avens et al. v. Wealth Management Resources, LLC, et al.,* Case No. 2010 CV 254 in the District Court, 8th Judicial District, Larimer County, Colorado (the "state court proceeding"). The state court proceeding was already pending when this case was filed. A copy of the Second Amended Complaint in the state court proceeding is filed herewith as Exhibit A (the "Complaint").

6. The Respondent was served in the state court proceeding on or about March 15, 2020. The Respondent has answered the Complaint.

7. The state court proceeding arises from the Respondent's misconduct in connection with the PTV Hedge Fund Scheme (the "PTV Hedge Fund Scheme"). The PTV Hedge Fund Scheme preyed on investors in Colorado and other states, particularly retirees and the elderly. The Respondent and others embezzled approximately $6,000,000 invested by more than 65 people in three hedge funds in a Ponzi scheme a la the Bernie Madoff scandal.[1]

8. Respondent directly and indirectly received proceeds derived from the sale of securities in the PTV Hedge Fund Scheme.

9. Beginning April 9, 2009, the Respondent took out personal loans of $350,000 from the Fraudulent Hedge Funds in Colorado. These personal loans were evidenced by five promissory notes signed by them individually in Colorado. The Respondent embezzled the $350,000. All of the notes Respondent signed personally are in default for failure to repay principal, except for a principal payment of $17,000.

10. Respondent was also manager of Horse Creek Farms, LLC, a Colorado limited liability company ("Horse Creek"). At least a portion of the proceeds from these personal loans was transferred to Horse Creek. Respondent falsified the five promissory notes as personal promissory notes to conceal the true nature and extent of the loan. This was to obtain money for

---

1 See Complaint at ¶¶ 7-17. On February 25, 2009, the SEC commenced a civil action in this District concerning the PTV Hedge Fund Scheme. The Court issued a preliminary injunction on February 27, 2009. The Respondent appears to be within the scope of the preliminary injunction.

Horse Creek that it could not itself legitimately borrow because at the time Horse Creek was already in default on a loan from another lender.  There is no documentation, such as a promissory note from Horse Creek, evidencing any consideration or value received, such as an investment in Horse Creek, for the transfer.   The Respondent's misconduct was an essential part of the scheme to defraud.  See Complaint at  ¶¶ 11, 111-115, 149, 156, 171, 176.

11. The Complaint sets forth a claim for relief against Respondent for violations of the Colorado Securities Act, C.R.S. § 11-51-101, *et seq*., by the Respondent.  The Sixth Claim for Relief (Sale of Security by Defendants in Violation of § 11-51-604 (3) of the Colorado Securities Act) is based on the Respondent's use of a scheme to defraud and acts, practices and courses of business that operated as a fraud in connection with the sale of a security.  Both claims also include allegations of substantial assistance by the Respondent with similar misconduct by other defendants, including the manager, Wealth Management Resources, LLC.  See Complaint at ¶¶ 218-223.

12. The Complaint also sets forth two claims for relief against Respondent for violation of  §§ 18-17-104(3) and (4) of the Colorado Organized Crime Control Act.  The Plaintiffs also seek to proceed in the state court proceeding under relief from the automatic stay to adjudicate the Respondents' violations of §§ 18-17-104(3) and (4)) C.R.S. of the Colorado Organized Crime Control Act ("COCCA") (First Claim for Relief) and Receipt of Proceeds Subject to Forfeiture under §§ 18-17-106 of COCCA (Second Claim for Relief).  See Complaint at ¶¶ 177-197.

13. The PTV Hedge Fund Scheme, though not a corporation or other legal entity, was an enterprise as defined in C.R.S. §18-17-103(2).  The Respondent knowingly conducted or participated, directly or indirectly, in the PTV Hedge Fund Scheme, through a pattern of racketeering activity as defined in C.R.S. §18-17-103(3).   The pattern of racketeering activity included securities offenses, as defined in C.R.S. §§11-51-401 and 11-51-603 (licensing of brokers and dealers), 11-51-301 and 11-51-603 (registration of securities), and 11-51-501 and 11-51-603 (fraud and other prohibited practices).  Said securities offenses constitute racketeering activity as defined in C.R.S. §18-17-103(5)(a).

14. The COCCA claims (First and Second Claims for Relief) are based on the Respondent's obtaining money by false pretenses and promises, the Respondent's commission of mail fraud and wire fraud, securities offenses, including but not limited to fraud and other prohibited practices under §§11-51-501 and 603 of the Colorado Securities Act, and aiding and abetting, and conspiring with, the other defendants.

15.  After the Plaintiffs obtain a post-petition judgment imposing liability on the Respondent on the Sixth Claim for Relief, the Court may determine whether that judgment is dischargeable. *In re Jafari,* 341 B.R. at 500 ("Once liability has been imposed, then either a bankruptcy court or a non-bankruptcy court may determine the application of this nondischargeability statute").  Such a post-petition judgment would meet the requirements of both Subsection (A) and (B) of § 523 U.S.C. (a) (19) for nondischargebility.

16.     Respondent cannot be discharged under Chapter 7 because an individual Respondent cannot be discharged from any debt for "the violation of…any of the State securities laws." 11 U.S.C. § 523 (a)(19)(A).  A nondischargeable debt for the violation of any State securities laws "results… **after the date on which the petition was filed from … any judgment … in any State court proceeding."** 11 U.S.C. § 523(a)(19)(B) [emphasis added].

17.     The Plaintiffs, by separate motion for relief from the automatic stay, are also seeking to proceed in the state court proceeding in order to adjudicate Respondent's violation of State securities laws, to wit – the Colorado Securities Act, and to obtain a postpetition judgment in the state court proceeding as required by law. Such a postpetition judgment would meet the requirements of both Subsection (A) and (B) of § 523 U.S.C. (a) (19) for nondischargebility.

## FIRST CLAIM FOR RELIEF
### (Determination That Debt Is Nondischargeable Under 11 U.S.C. § 523(a)(19))

18.     The Plaintiffs repeats the allegations of paragraphs 1 through 17 above as if fully set forth herein.

19.     Respondent's debt to the Plaintiffs pursuant to a judgment rendered in the state court proceeding on the Sixth Claim for Relief (Sale of a Security by Defendants in Violation of § 11-51-604 (3) of the Colorado Securities Act) would be a debt for the violation of any State securities laws after the date on which the petition was filed.

20.     The Plaintiffs therefore request that, upon either a judgment in the state court proceeding or in this Court, this Court enter judgment determining that Respondent's debt to the Plaintiffs pursuant to the judgment entered on the Seventh Claim for Relief in the state court proceeding is nondischargeable in bankruptcy under § 523(a)(19) of the Bankruptcy Code.

## SECOND CLAIM FOR RELIEF
### (Determination That Debt Is Nondischargeable Under 11 U.S.C. § 523(a)(2)(A))

21.     The Plaintiffs repeat the allegations of paragraphs 1 through 16 above as if fully set forth herein.

22.     Respondent's debt to the Plaintiffs under the First Claim for Relief (Violation of §§ 18-17-104(3) and (4) of COCCA) was a debt for money obtained by false pretenses, false representations and actual fraud.

23.     The Plaintiffs therefore request that the Court enter judgment determining that Respondent's debt to the Plaintiffs pursuant to the judgment entered on the First Claim for Relief in the state court proceeding is nondischargeable in bankruptcy under § 523(a)(2)(A) of the Bankruptcy Code.

## THIRD CLAIM FOR RELIEF
### (Determination That Debt Is Nondischargeable Under 11 U.S.C. § 523(a)(2)(A))

24. The Plaintiffs repeat the allegations of paragraphs 1 through 17 above as if fully set forth herein.

25. Respondent's debt to the Plaintiffs under the Second Claim for Relief (Receipt of Proceeds Subject to Forfeiture under § 18-17-106 of COCCA) was incurred for money obtained for false pretenses, false representations or actual fraud.

26. The Plaintiffs therefore request that, upon either a judgment in the state court proceeding or in this Court, this Court enter judgment determining that Respondent's debt to the Plaintiffs pursuant to the judgment entered on the Seventh Claim for Relief in the state court proceeding is nondischargeable in bankruptcy under § 523(a)(2)(A) of the Bankruptcy Code.

WHEREFORE, The Plaintiffs respectfully requests a trial before the Court on all issues and that the Court enter judgment against Weiss:

(1) determining the Respondent's debt to the Plaintiffs as nondischargeable under 11 U.S.C. § 523(a)(2)(a), (4), (7) and (19); and

(2) granting such further relief as the Court deems proper.

DATED this 22nd day of December 2011.

                         GUARDI & ASSOCIATES

                         By: s/ Noel Guardi
                             Noel Guardi
                             99 Rocky Ridge Rd.
                             P.0. Box 381
                             Pinecliffe, Colorado 80471
                             Telephone: (303) 969-8886
                             Attorney number: 9001